IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REUVEN TENAMEE, #34630-037, *
Plaintiff,
*
v. CIVIL ACTION NO. JFM-05-2394
*
MICHAEL ABBELL,
Defendant. *
******

**MEMORANDUM**

On August 29, 2005, the court received plaintiff's complaint, transferred from the United States District Court for the Northern District of Ohio and filed pursuant to 42 U.S.C. § 1983 against Defendant Michael Abbell. Paper No. 1. Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2), which shall be granted. However, upon review of the instant action, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 953 (4th Cir. 1995).

Plaintiff alleges that Michael Abbell, a private attorney retained by plaintiff to assist him in recovering funds seized from him by the Drug Enforcement Agency ("DEA") , failed to turn over all of the funds recovered on plaintiff's behalf. Plaintiff's complaint and documents attached thereto reveal that on July 11, 1986, $29,290.00 was turned over by the DEA to Michael Abbell. Plaintiff states that thereafter Mr. Abbell advised him that only $18,000.00 had been recovered and only turned over that amount to plaintiff. Paper No. 1.

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the

deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that the named defendant, a private citizen, was acting under color of law, plaintiff's complaint shall be dismissed.

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under §1915(e) or Fed. R. Civ. P. 12(b)(6). [1]

A separate Order reflecting the foregoing opinion shall be entered.

September 12, 2005
Date

/s/
J. Frederick Motz
United States District Judge

[1]28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.